UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0034 (PJS/JJK) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| JEFFREY MANDEL FLETCHER, | |
| Defendant. | |

Surya Saxena, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Douglas Olson, OFFICE OF THE FEDERAL DEFENDER, for defendant.

Defendant Jeffrey Mandel Fletcher is charged with one count of possession with intent to distribute cocaine base. This matter is before the Court on Fletcher's objection to Magistrate Judge Jeffrey J. Keyes's May 3, 2013 Report and Recommendation ("R&R"). In that R&R, Judge Keyes recommends denying Fletcher's motion to suppress evidence obtained from the search of his vehicle [ECF No. 30] and denying as moot Fletcher's motion to suppress statements [ECF No. 31]. The Court has conducted a de novo review of the R&R and the transcript of the hearing on Fletcher's motions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Based on that review, the Court overrules Fletcher's objection and adopts the R&R.

Judge Keyes took testimony both from Fletcher and from Brooklyn Center police officer Cody Turner. The question of whether Fletcher consented to the search of his vehicle turns on whose testimony was more credible. After reading a transcript of the testimony, the Court credits Turner's testimony over Fletcher's for the reasons given by Judge Keyes. In addition, the Court notes that the version of events initially proffered by Fletcher was inconsistent with his later

testimony. Fletcher first claimed that his conversation with Turner consisted of little more than Turner commenting that Fletcher had a nice car, followed by the request to search the vehicle. *See* ECF No. 52 at 47. But Fletcher later admitted — consistent with Turner's testimony — that Turner had asked him where he had been coming from before the stop and whether there was anything illegal in the vehicle. *Id*. at 49. He also later admitted that the two had discussed the matter of his expired insurance card, again consistent with Turner's testimony. *Id*. at 50. Fletcher's version of events thus wavered over the span of a few minutes, undermining his credibility. Crediting Turner's testimony, the Court finds that Fletcher consented to the search of his vehicle.

Fletcher also claims that even if he consented to the search his vehicle, his consent did not extend to a search of the area underneath the hood of the vehicle. The scope of consent is measured by "a standard of objective reasonableness — what the typical reasonable person would have understood by the exchange between the officer and the suspect." *United States v. Mayo*, 627 F.3d 709, 714 (8th Cir. 2010) (internal quotations omitted). "[W]hen a defendant gives his consent to search a vehicle, officers may search containers within that car which might bear drugs, probe underneath the vehicle, and open compartments that appear to be false, or puncture such compartments in a minimally intrusive manner." *Id*. at 715 (internal quotations omitted). As explained above, the Court credits Turner's testimony that Fletcher generally consented to the search of his vehicle. Moreover, Fletcher admitted that he did not object while the search was ongoing. *See* ECF No. 52 at 47. Under such circumstances, a reasonable person would have understood Fletcher's consent to extend to a search of the area underneath the hood of the vehicle. *See Mayo*, 627 F.3d at 715 (general consent to search vehicle extended to the area

behind a vehicle door's interior panels); *United States v. Ferrer-Montoya*, 483 F.3d 565, 568-69 (8th Cir. 2007) (per curiam) (general consent to search vehicle extended to the removal of screws and search of compartment within the vehicle); *United States v. Martel-Martines*, 988 F.2d 855, 858 (8th Cir. 1993) (defendant's consent to the search of his vehicle included permission to puncture sheet metal covering what turned out to be a secret compartment). Accordingly, the Court denies Fletcher's motion to suppress evidence obtained from the search of his vehicle.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES defendant Jeffrey Mandel Fletcher's objection [ECF No. 49] and ADOPTS the May 3, 2013 R&R [ECF No. 48]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Fletcher's motion to suppress evidence obtained as a result of search and seizure [ECF No. 30] is DENIED.

2. Fletcher's motion to suppress statements [ECF No. 31] is DENIED AS MOOT.

Dated: May 29, 2013           s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge